**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| US BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-4169-M-BH** |
| | ) | |
| **CHARLIE E. BUTLER** | ) | |
| *and all occupants*, | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this *pro se* case has been automatically referred for

pretrial management.  Before the Court is Jacqueline Butler's amended *Application to Proceed*

*In District Court Without Prepaying Fees or Costs*, filed October 29, 2013 (doc. 8).  Based on

the relevant filings and applicable law, the motion should be **DENIED**, and this action should be

**REMANDED** to the state court.

**I. BACKGROUND**

On October 16, 2013, Jacqueline Butler (Ms. Butler) purported to remove this eviction

action from County Court of Law No. 1, Dallas County, Texas, on behalf of herself and her

spouse, Charlie E. Butler (Mr. Butler or Defendant).  She also submitted an application to

proceed *in forma pauperis* (IFP).  (*See* doc. 4.)  By order dated October 17, 2013, the Court

found that the application reflected enough assets with which to pay the $400 filing fee, and it

gave Ms. Butler ten days to pay it.  (*See* doc. 6.)  The order also specifically warned that failure

to timely pay the filing fee would result in a recommendation that leave to proceed IFP be

denied, and that the case be dismissed.  *Id.*  On October 29, 2013, Ms. Butler submitted an

amended IFP application.  (*See* doc. 8.)  On November 4, 2013, the Court again found that the

application reflected sufficient assets with which to pay the fee, gave Ms. Butler another ten days to pay it, and again warned that failure to timely pay the filing fee would result in a recommendation that the application be denied and that the case be dismissed.  (*See* doc. 9.) More than ten days from the date of the second order to pay have passed, but Ms. Butler has not paid the fee or filed anything else in this case.

## I.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Here, Ms. Butler's initial, sworn application reflected an average total monthly household income for her and her husband for the past twelve months of approximately $5,240.00, an expectation that this amount would be received next month, and average monthly household expenses of only $905.00.  Ms. Butler's amended application lists household income as $3000.00, with the same amount expected next month, and reports average monthly household expenses of $2932.00.  The Court found that even considering the new information, some expenses appear to be discretionary, such as the $200.00 monthly recreation and entertainment expense and the $450.00 monthly clothing expense, not including laundering and dry cleaning. (*See* doc. 8).  Based on the discretionary nature of $650.00 of her new reported monthly expenses, Ms. Butler has not shown that she will suffer undue financial hardship after payment

of the $400.00 filing fee.  Her application to proceed *in forma pauperis* should therefore be

denied.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action

*sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's

inherent power to control its docket, prevent undue delays in the disposition of pending cases,

and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated November 4, 2013, Ms. Butler was given ten days to pay the filing fee.  She was

specifically warned that failure to do so would result in a recommendation that leave to proceed

*in forma pauperis* be denied, and that the case be dismissed.  Because she failed to comply with

an order that she pay the filing fee because she had sufficient assets with which to do so, the case

is subject to dismissal for failure to prosecute or follow court orders.  Because she is a defendant

in this action that she seeks to remove from state court, the claims against her should be

remanded back to state court.

## III.  RECOMMENDATION

Jacqueline Butler's application to proceed *in forma pauperis* should be denied, and this

case should be remanded to County Court at Law No. 1 based on her failure to prosecute or

follow court orders, unless she pays the filing fee within the time for objecting to this

recommendation or by some other deadline set by the Court.

SIGNED this 18th day of November, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4